# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:

**JON E. ENGLES and
JOELLE LEE ENGLES,**

**Debtors.**

**Filed / Docketed
February 27, 2008**

Case No. 07-11314-M
Chapter 7

## MEMORANDUM OPINION

THIS MATTER comes before the Court pursuant to the Debtors' Motion for Relief from Judgement [sic] and Request to Reconsider Approval of Reaffirmation Agreement Out of Time (the "Motion"), filed by Jon E. Engles and Joelle Lee Engles, Debtors herein.  A hearing in this matter was held on February 5, 2008, at which the Court heard argument and received evidence.  After having reviewed this matter, the following findings of fact and conclusions of law are made pursuant to Federal Rule of Civil Procedure 52, made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7052 and 9014.  For the reasons set forth below, the Debtors' Motion is denied.

### Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and venue is proper pursuant to 28 U.S.C. § 1409.  Reference to the Court of this matter is proper pursuant to 28 U.S.C. § 157(a).  This is a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (O).

### Findings of Fact

Debtors commenced this case on July 11, 2007, by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.[1]  On July 26, 2007, Debtors filed schedules that

---

[1]   *Docket No. 1*.  Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code (the "Code"), 11 U.S.C. § 101 *et seq*.

showed a secured car loan for a 2000 Jeep Grand Cherokee (the "Jeep") to Regions, which is actually Regions Bank (the "Bank").[2]  They also filed a form entitled "Chapter 7 Individual Debtor's Statement of Intention."[3]   That form solicited whether property of the Debtors' estate that was encumbered by secured debts would be surrendered, claimed as exempt, redeemed pursuant to § 722, or reaffirmed pursuant to § 524(c).  Instead of choosing one of the options provided, Debtors indicated that "Debtor [sic] will retain collateral and continue to make regular payments."[4]   The meeting of creditors under § 341(a) was held and concluded on August 9, 2007.[5]

Sometime after the Debtors filed their petition, but before the entry of the order of discharge in this case, Bank sent an unexecuted reaffirmation agreement (the "Agreement") to Debtors to facilitate reaffirmation of the Jeep.  Debtors signed the Agreement, and L. Todd Nalagan, counsel for Debtors, placed the Agreement in the mail to Bank, with the expectation that Bank would then execute and file the Agreement in Debtors' bankruptcy case.  For reasons unknown to the parties, the Agreement was apparently delayed in reaching its destination and was never filed with the Court. On November 15, 2007, an Order of Discharge was entered in this case.[6]

Sometime after the Order of Discharge was entered, Bank recovered the Jeep from Debtors.

---

[2]  *Docket No. 14*, at 9.

[3]  *Docket No. 14*, at 26.

[4]  *Id.*

[5]  *Docket No. 24.*

[6]  *Docket No. 58.*

The Jeep has since been returned to Debtors pending the outcome of these proceedings on the

Motion.[7]   In the Motion, Debtors indicate that

> [i]nadvertently, the Debtors nor their counsel did not realize the position and policy of Regions Bank whereby if no reaffirmation agreement is filed, then the collateral would be recovered upon the Order of Discharge;[8] and

> [t]he Debtors and their counsel felt that due to the fact that 1) the Debtors have been and continued to be current on their loan, 2) that because the FMV of the vehicle was $9,500.00 and the payoff balance of the loan is $4,421.76, the vehicle had equity, and 3) the loan was scheduled to be paid off by August 2008, Regions Bank would allow the Debtors to retain the collateral with the continued payments.[9]

While the Court does not usually consider statements made by parties in pleadings to be evidence,

these statements are considered admissions by a party under Federal Rule of Evidence 801(d)(2)(C).

To the extent the "Conclusions of Law" contain any items that should more appropriately

be considered "Findings of Fact," such items are incorporated herein by this reference.

### Conclusions of Law

Based on the facts that the parties attempted to execute and file a reaffirmation agreement

before the entry of the Order of Discharge, and because the Debtors were unaware of the

consequences of the failure to have an enforceable agreement on file with the Court, the Debtors

now request that the Court use its authority under Federal Rule of Civil Procedure 60(b)(1) or (6)

to "relieve" the parties from the Order of Discharge.  They propose that this action by the Court

---

[7] Facts regarding the repossession and return of the Jeep were not supported by evidence, but were gleaned from statements made by counsel for Debtors in the body of the Motion and on the record at the hearing on this matter.  They are repeated here to give the reader a better understanding of the history of the case, but these facts have no bearing on the Court's decision today.

[8] Motion, *Docket No. 63*, at 2 ¶ 7.

[9] Motion, *Docket No. 63*, at 2 ¶ 10.

would allow them to execute and file an enforceable reaffirmation agreement for the Jeep out of time.

*1. Reaffirmation*

The Bankruptcy Appellate Panel for the Tenth Circuit described the process of reaffirmation as follows:

> [Section] 524(c) permits a debtor to make a voluntary agreement with a creditor to reassume the in personam liability of a dischargeable debt. Such an agreement is commonly known as a reaffirmation agreement. *See* Fed. R. Bankr.P. 4008 (using the term "reaffirmation agreement"). A reaffirmation agreement is a contract between a debtor and a creditor that permits a debtor who cannot pay a debt immediately to keep the property for which the debt was incurred while making periodic payments on that property. *See In re Turner,* 156 F.3d 713, 715 (7th Cir. 1998). A reaffirmation agreement is the only means by which a dischargeable debt may survive a Chapter 7 discharge. *Id.* at 718.
>
> Before a reaffirmation agreement will be binding, certain provisions enumerated in § 524(c) and (d) must be met. These provisions are meant to function as safeguards against abusive creditor practices. *See Jamo v. Katahdin Fed. Credit Union (In re Jamo),* 283 F.3d 392, 398 (1st Cir. 2002); *Turner,* 156 F.3d at 718; 4 *Collier on Bankruptcy* ¶ 524.04 (Lawrence P. King ed., 15th ed. 1995). If the reaffirmation agreement complies with these provisions and the debtor does not rescind the agreement within the sixty-day period authorized by § 524(c)(4), the debtor will be bound on the debt as though the debtor had never gone through bankruptcy. *Turner,* 156 F.3d at 718. Thereafter, the creditor will have a right to pursue both its collateral and the debtor for any deficiency. *Id.* at 717-18.[10]

Because a reaffirmation agreement is a contract between a debtor and a creditor, it requires the consent of both parties.[11] Among the requirements for a binding agreement found in § 524(c) is that the agreement must be made before the granting of the debtor's discharge.[12] Because of the serious

---

[10] *In re Schott*, 282 B.R. 1, 7 (10th Cir. BAP 2002) (footnote omitted).

[11] *In re Turner,* 156 F.3d 713, 719 (7th Cir. 1998).

[12] § 524(c) provides in part:

(c) An agreement between a holder of a claim and the debtor, the consideration for

4

consequences associated with reaffirmation—that the debtor will remain liable for an otherwise dischargeable debt—strict compliance with the terms of § 524 is mandatory.[13]  Based on the plain language of § 524(c)(1), which mandates that an agreement must be made before the granting of the discharge in order to be enforceable, the execution of a reaffirmation agreement after the granting of the discharge renders that agreement unenforceable as a matter of law.[14]

Debtors received an unexecuted reaffirmation form from Bank, executed same, and placed it back in the mail to Bank.  Bank never received the executed form, and thus never itself executed the form to create an enforceable agreement prior to the entry of discharge in this case.  An Order of Discharge was entered on November 15, 2007.  Under the plain language of § 524(c)(1), no agreement made after that date will be enforceable against Debtors as a matter of law.[15]

## 2.  Relief from Order of Discharge

Debtors argue that based on a good faith effort to reaffirm the debt to Bank secured by the

---

which, in whole or in part, is based on a debt that is dischargeable in a case under this title **is enforceable** only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, **only if**–

(1) such agreement was **made before the granting of the discharge** under section 727, 1141, 1228, or 1328 of this title; [and]
 ...
(3) such agreement has been **filed with the court** [.]

§ 524(c)(1), (3).  *See also In re Herrera*, 380 B.R. 446, 450 (Bankr. W.D. Tex. 2007).

[13]  *In re Getzoff*, 180 B.R. 572, 574 (9th Cir. BAP 1995); *In re Herrera*, 380 B.R. at 450 (citing cases); *In re Stewart*, 355 B.R. 636, 639 (Bankr. N.D. Ohio 2006).

[14]  *In re Herrera*, 380 B.R. at 450.  *See also In re Suber*, 2007 WL 2325229, at *3 (Bankr. D. N.J. 2007) (finding majority of courts hold that a reaffirmation agreement made post-discharge is unenforceable; citing cases).

[15]  *See In re Herrera*, 380 B.R. at 451.

Jeep prior to discharge, and their critical need for this vehicle, the Court should use its authority under Federal Rule of Civil Procedure Rule 60(b) to relieve them from the effect of the Order of Discharge.[16]  While not specifically requested in the Motion, Debtors are essentially requesting that the Court revoke the Order of Discharge with respect to Bank for the limited purpose of filing a late-executed reaffirmation agreement. They argue that this relief would allow them to execute and file an enforceable reaffirmation agreement for the Jeep.

Sections 727(d) and (e) of the Code are the sole provisions governing revocation of a debtor's discharge.  Under those sections, only "the trustee, a creditor, or the United States trustee" has the ability to revoke a debtor's discharge.[17]  This Court has previously held that a debtor does not have standing to seek revocation of his or her own discharge under the auspices of Rule 9024 and Rule 60(b).[18]  In *In re Nelson*, the Court stated:

> Under the Rules Enabling Act, Congress has given the United States Supreme Court the authority to promulgate rules of procedure for all cases arising under Title 11 of the United States Code. [*See* 28 U.S.C.A. § 2075 (West 2003)].  The scope of the rules, however, "shall not abridge, enlarge, or modify any substantive right" under Title 11. [*Id.*].  Courts interpreting this statutory language have concluded that the

---

[16] Federal Rule of Civil Procedure 60(b), made applicable to this bankruptcy case by Federal Rule of Bankruptcy Procedure 9024, provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; . . ., or
> ...
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

[17] § 727(d), (e).

[18] *In re Nelson*, 02-05356-M (Bankr. N.D. Okla. Aug. 27, 2003), *at Docket No. 22.*

Bankruptcy Rules cannot be read in a manner that is inconsistent with or contradicts a substantive provision of the Bankruptcy Code. [*In re Bruzzese*, 214 B.R. 444, 449 (Bankr. E.D.N.Y. 1997); *In re Roberts*, 68 B.R. 1004, 1006 (Bankr. E.D. Mich. 1987)]. To ensure that a Bankruptcy Rule's application does not abridge, enlarge, or modify a substantive right under the Bankruptcy Code, courts must ask "'whether [the] rule regulates procedure,–the judicial process for enforcing rights and duties recognized by the substantive law and for justly administering remedy and redress for disregard or infraction of them.'"[*MBNA v. Locke (In re Greene)*, 223 F.3d 1064, 1071 (9th Cir. 1999) (quoting *Hanna v. Plumer*, 380 U.S. 460, 464 (1965))].

     ...

In this case, the Court must determine whether the exclusion of the debtor in sections 727(d) and (e) are procedural or substantive in nature. If procedural in nature, then Bankruptcy Rule 9024 could be used by Debtor to vacate his discharge to include the reaffirmation agreement with Bank South in his bankruptcy case. On the other hand, if exclusion of the debtor is a substantive element of sections 727(d) and (e), the Rule[s] Enabling Act precludes Debtor's ability to revoke his discharge under the auspices of Bankruptcy Rule 9024. After review, the Court concludes that sections 727(d) and (e) are substantive in nature. These provisions do not affect the process of enforcing rights, but instead determine who has standing to revoke a debtor's discharge. Under those provisions, only the trustee, a creditor, or the United States Trustee are endowed with such rights. To apply Bankruptcy Rule 9024 to sections 727(d) and (e) would bestow upon Debtor standing that he does not have under the Bankruptcy Code.

While there is case law supporting Debtor's position, [*See, e.g., In re Edwards*, 236 B.R. 124 (Bankr. D. N.H. 1999); *In re Long*, 22 B.R. 152 (Bankr. D. Me. 1982)] the Court finds the reasoning of those cases unpersuasive. The holdings of these cases, rooted in notions of equity, overstep the authority granted to bankruptcy courts by Congress. As one of my brethren from the Western District of Oklahoma has noted, "[i]f there ever was a court bound to follow a written code, as opposed to general precepts of common law equity, it is today's bankruptcy court." [*In re Agan*, 285 B.R. 324, 326 (Bankr. W.D. Okla. 2002)]. The United States Supreme Court has let it be known that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." [*Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988); *see also Landsing Diversified Properties-II v. First Nat'l Bank and Trust Co. of Tulsa (In re Western Real Estate Fund, Inc.)*, 922 F.2d 592, 601 (10th Cir. 1990) ("[A] bankruptcy court's supplementary equitable powers under [section 105] may not be exercised in a manner that is inconsistent with the other, more specific provisions of the Code.")]. Sections 727(d) and (e) preclude debtors from seeking revocation of their discharge. The Court is bound to enforce these provisions according to their terms. While the application of these provisions may produce harsh results for debtors, it is the

prerogative of Congress to change the Bankruptcy Code, not the courts. [*Agan*, 285 B.R. at 326].[19]

This Court is not alone in its conclusion that a bankruptcy court does not have the authority to vacate a discharge for the purpose of filing a post-discharge reaffirmation agreement.[20] Debtors have not presented any argument or authority to suggest that the reasoning in *In re Nelson* should not apply to this case. The Court concludes that revocation of Debtors' discharge would be improper, and that the time for executing an enforceable reaffirmation agreement has passed.[21]

### Conclusion

For the reasons discussed *supra*, the Debtors' Motion for Relief from Judgement [sic] and Request to Reconsider Approval of Reaffirmation Agreement Out of Time, filed by Jon E. Engles and Joelle Lee Engles, is denied. A separate order consistent with this Memorandum Opinion is entered concurrently herewith.

Dated this 27th Day of February, 2008.

BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

5164.1

---

[19]  *Id.*, slip op. at 3–5.

[20]  *In re Carrillo,* 2007 WL 2916328 (Bankr. D. Utah 2007) (court does not have authority to vacate discharge to allow filing of post-discharge reaffirmation agreement, following majority); *In re Herrera*, 380 B.R. at 450 (citing cases); *In re Stewart*, 355 B.R. at 639 (court does not have power under § 105(a) to revoke discharge in order to file post-discharge reaffirmation agreement).

[21]  In the Motion, Debtors hint that repossession of the Jeep by Bank may have been improper because their payments on the loan secured by the Jeep were current. The issue is not sufficiently pled or briefed in a manner that would allow either Bank or the Court to respond to the allegations. Unless and until the issue is properly raised, the Court will not speculate on what rights the various parties may have in the collateral.